**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:19-cv-01588-RM-NYW

COLE STEWART,

    Plaintiff,

v.

THE CITY OF BOULDER, a Colorado municipality,
BOULDER POLICE OFFICER NICHOLAS FRANKENREITER,
BOULDER POLICE OFFICER ANDREW KIRSHBAUM,
BOULDER POLICE OFFICER ERIN STARKS,
BOULDER POLICE OFFICER JACOB VAPORIS, and
BOULDER POLICE OFFICER RONALD PEREA,

    Defendants.

---

**ORDER**

---

    This matter is before the Court on the recommendation of United States Magistrate Judge Nina Y. Wang (ECF No. 54) to grant in part and deny in part Defendants' Joint Consolidated Motion to Dismiss the First Amended Complaint (ECF No. 50). Plaintiff filed a limited objection to the recommendation (ECF No. 55), arguing against dismissal of his claims brought under 42 U.S.C. § 1983 for excessive force in violation of the Fourth Amendment and for failure to intervene. Defendants filed a response (ECF No. 56). For the reasons below, the Court overrules Plaintiff's objection, accepts and adopts the recommendation, which is incorporated herein by reference, *see* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b), and grants in part and denies in part the motion to dismiss.

**I.      LEGAL STANDARDS**

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted). "A statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (quotation omitted).

## II. BACKGROUND

The complaint alleges the following series of events. In the early morning hours of May 30, 2014, Plaintiff took a cab home. He was slow to pay the $4.85 fare, which prompted the cab driver to drive him to a nearby police annex. Once there, Plaintiff exited the cab and fled on foot back to his apartment. Defendant Frankenreiter, a Boulder police officer, pursued Plaintiff on foot. When he and the other officer Defendants arrived at Plaintiff's apartment, one of them jumped the six-foot fence and unlocked it to allow the other officers into the patio area outside the apartment. Seconds later, the officers fired ten shots into the building, two of which struck Plaintiff. A BB gun was found in the apartment, and Plaintiff was charged with felony menacing. Although Plaintiff was convicted and sentenced to forty-five days' imprisonment and four years of probation, the Colorado Court of Appeals reversed his convictions in July 2017. The charges against Plaintiff were dismissed in October 2018.

Plaintiff filed this lawsuit in June 2019. In his first amended complaint he asserts seven claims for relief. Defendants' motion to dismiss was referred to the magistrate judge. Most pertinent to this order, the magistrate judge recommended dismissing with prejudice Plaintiff's claims for excessive force against Defendants Vaporis, Starks, Frankenreiter, and the City of Boulder and for failure to intervene against all the officer Defendants because they are barred by the applicable statute of limitations. In reaching this determination, the magistrate judge agreed with Defendants that these claims accrued on the day Plaintiff was shot, and she rejected Plaintiff's contention that they could not accrue until his convictions were invalidated. As discussed below, the Court agrees with the magistrate judge's analysis of this issue.

No party objected to the magistrate judge's recommendation with respect to Plaintiff's other claims. The magistrate judge determined that Plaintiff's complaint adequately states claims against the officer Defendants for denial of due process and a fair trial under the Fourth Amendment, deprivation of liberty without probable cause, and civil conspiracy. The magistrate judge recommended dismissing without prejudice Plaintiff's remaining claims, including all claims against the City of Boulder and a procedural due process claim against Defendants Vaporis, Starks, Frankenreiter, and Kirshbaum.

### III.  ANALYSIS

There is no dispute that Colorado's two-year statute of limitations applies to Plaintiff's excessive force and failure to intervene claims. This matter turns on when they accrued, which is a question of federal law. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007).

Citing *Heck v. Humphrey*, 512 U.S. 477 (1994), Plaintiff argues that these claims did not accrue until his convictions under state law were invalidated, in July 2019, because the claims attack the validity of those convictions. However, *Heck* involved a § 1983 action against prosecutors and a police investigator alleging that Heck's conviction violated his constitutional rights. After finding that the common-law cause of action for malicious prosecution provided the closest analogy to claims like Heck's, the Court concluded that termination of the prior criminal proceeding in Heck's favor was an element of his claims. *Id.* at 484. Thus, Heck's § 1983 claim had not arisen while he was still challenging his state conviction. The Court held that "a § 1983 action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489-90.

Plaintiff's case is distinguishable because both these claims arose when he was shot, and favorable termination of criminal proceedings is not an element of either claim. Nonetheless, Plaintiff argues that prevailing on his claims "would necessarily imply the invalidity of his conviction," *id.* at 487, and therefore, under the *Heck* doctrine, he was barred from pursuing them until his convictions were invalidated. But in *Wallace*, the Supreme Court recognized that § 1983 claims based on (or analogous to) malicious prosecution, as in *Heck*, are not like other § 1983 claims, "which sometimes accrue before the setting aside of—indeed, even before the existence of—the related criminal conviction." 549 U.S. at 394. *Wallace* involved a § 1983 action against police detectives for unlawful arrest. After finding that the common-law action for false imprisonment provided the closest analogy to Wallace's claims, the Court concluded that the statute of limitations began when the alleged false imprisonment ended—that is, when legal process was initiated against him. *Id.* at 389-90.

The *Wallace* Court went on to analyze Wallace's argument that his § 1983 action could not accrue until the charges against him were dropped. The Court rejected the principle "that an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside." *Id.* at 393. After reflecting on the adverse consequences of this "bizarre extension of *Heck*," the Court reasoned that if a plaintiff filed a false arrest claim or any other claim related to rulings that would likely be made in a pending or anticipated criminal trial before he was convicted, the civil action could be stayed until the criminal case or the likelihood of a criminal case had ended. *Id.* at 393-94. That would have been the appropriate way for Plaintiff to have proceeded in this case.

5

Plaintiff's reliance on *McDonough v. Smith*, 139 S. Ct. 2149 (2019), is also unavailing. There, after finding that McDonough's fabrication of evidence claim was analogous to a common-law malicious prosecution claim, the Court held that the statute of limitations for such a claim does not begin to run until favorable termination of the challenged criminal proceedings. *Id.* at 2154-55.  In support of its conclusion, the Court identified some of the practical problems associated with requiring a plaintiff to bring a fabrication of evidence claim while criminal proceedings were still pending against him—he would face the untenable choice between letting his claims expire or filing a civil suit against the very person who was in the midst of prosecuting him, and if he chose the latter course, he risked tipping his hand to his defense strategy, undermining his privilege against self-incrimination, and taking on discovery obligations not required in the criminal context.  *Id.* at 2158.

But Plaintiff is not seeking damages for his allegedly unconstitutional conviction or imprisonment, and his claims for excessive force and failure to intervene do not attack the criminal process that resulted in his conviction.  As with a false arrest claim, Plaintiff's claims for excessive force and failure to intervene have a life independent of his criminal conviction, s*ee id.* at 2159, and Plaintiff had a complete and present cause of action once that alleged conduct occurred.  Conceding that his claims are not directly analogous to a claim for malicious prosecution, Plaintiff argues that the same concerns cited in *McDonough*—principles of federalism, comity, consistency, and judicial economy—apply in this case.  The Court disagrees that such concerns are prevalent here.  Plaintiff has not explained or shown how his civil suit would have been "fraught with peril" had he brought these claims sooner.  *Id.*  Nor has he offered any explanation as to how doing so would have exposed him to the risks identified in

*McDonough*.  Thus, Plaintiff has failed to establish that either the holding or the rationale of *McDonough* is helpful to his position.

## IV.     CONCLUSION

Therefore, the Court OVERRULES Plaintiff's objection (ECF No. 55), ACCEPTS and ADOPTS the recommendation (ECF No. 54), and GRANTS IN PART and DENIES IN PART the motion to dismiss (ECF No. 50), as stated herein.

DATED this 1st day of September, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge